To: Court of Criminal Appeals of Texas
    P.O. Box 12308
    Capitol Station
    Austin Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

Abel Acosta, Clerk

Re: WR-80,162-02
    Tr. Ct. No. 1436267-A

Clerk:
    Pleas Find the "Applicant's Supplemental Error
Responding to State's Arguments". Please file this and Present
to the Court of Criminal Appeals of Texas. Please Return Notice
on Ruling to the Applicant Mentioned Below.
    Thank You, Your assistance is greatly appreciated.

                            Respectfully,

                            Jesse Miles Jr

                            Jesse Ray Miles Jr.
                            TDC No. 1995133
                            Dominguez Unit
                            6535 Cagnon Rd.
                            San Antonio Texas 78252

Ex Parte

In The 351st District
Court of
Harris County, Texas

Jesse Ray Miles, Jr.,
Applicant Pro Se

§
§
§

## Applicant's Supplemental Error Responding to State's Arguements

To The Honorable Judge of Said Court:

Applicant, Jesse Ray Miles, files his Pro Se Supplemental ground in Support of his original Habeas Petition in response to the States Arguements. Pursuant to Articles 11.46 Combined with 11.03 Vernon's Ann. C.C.P., to effectuate the Constitutional Articles 1§10,13,19 and 1§29 of the Texas Constitution.

## Brief Discussion

In Analyzing Applicants Right to Redress a Deprivation in a "Due Process" Right to a "Fair Trial" Granted by Article 1§19 of The Texas Constitution... In Construing Mandatory Admonishments Regarding Conseruence's in the form of Sex Offender Registration Statue Under Art. 62.002 Vernon's Ann. C.C.P. Applicant was convicted January 18, 1980 For Rape and was Sentenced to 5 years. and in April 17th, 2015 Applicant was Punished and Sentenced to 10 Years for failure to Register When fair notice was not Provided.

## Applicant's Supplemental Ground

Applicant invokes Article 1§29 of The Texas Constitution to Construe Article 11.51 Vernon's Ann. C.C.P. The burden is on the State to Prove the record of Proceedings of "Fair Notice" regarding Admonishments on a failure to Comply with the requirements under Art. 62.002, Supra.

Applicant invokes article 1§12 of The Texas Constitution and Challenges the constitutionality of Article 21.03 C.C.P and Chapter 62.002 C.C.P— Failure to register is treated as a Criminal Penalty—Under which he is restrained of his liberty Pending Writ of Habeas Corpus. Ex Parte Coupland (1862) 26 Tex 386.

Applicant alleges the state failed to Provide an Evidentiary hearing Pursuant to art. 11.46 C.C.P. to Show that applicant was "fairly" Provided notice of any Future Consequences regarding his Prior Conviction. Applicant contends he was not fairly admonished of the consequences of failure to register in Open Court thus negating any "fair notice". In Smith v. Doe, 538 U.S. 84 (2003), 123 S.Ct. at 1149, the Supreme Court held "Although other methods of notification may be available, it is effective to make it (notice) Part of the Plea colloquy or the judgement of conviction."

Since the applicant's reportable conviction is over 30 years old—Chapter 62 C.C.P. was not enacted yet— The charging instrument is also in violation of Tex. R. Evid. 609 (b). This conviction is impeaching the Defendants testimony before he has the opportunity to testify and the Prejudicial effect outweighs the Probative Value.

In addition, the State's inclusion of the Phrase..."While the Person with a reportable conviction for Rape"... is an attempt to discourage the defendant from exercising his 6th Amendment Right to a trial by Jury. The Defendant alleges this as Prosecutorial Vindictiveness. Allowing the State to read the indictment denied the Defendant a fair and impartial trial. This Phrase Prejudiced the Jury against the defendant.

Even more specifically, this "Phrase" Constitutes Prejudicial Surplusage. This Phrase is not Part of the Statute. This Phrase is not an element of this Statutes Construction. Therefore this Phrase is not jurisdictional. See 62.102 V.A.C.C.P., also Ballard v. State, 149 S.W.3d 693 (Tex. App.- Austin 2004).

This Phrase was used to convict the Petitioner and violated Article 36.01, V.A.C.C.P. The Phrase allows the Jury to hear the Defendant has a Prior Conviction that is not Alleged for enhancement and is not a Jurisdictional element of the offense Charged during the Guilt/Innocence Phase of the trial.

- This Phrase cannot uphold a Conviction under Chapter 62 V.A.C.C.P

- Conviction under Chapter 62 V.A.C.C.P. is Punitive and Harmful under Ex Post Facto Clause, Art. 1 §10 cl. 1 of U.S.C.A. Const.

- Defendant's Conviction of 10 Years is Punitive and Violates Ex Post Facto Since his Original Sentence was for 5 Years.

- Ex Post Facto Clause was meant to Prevent "arbitrary and Potentially Vindictive legislation". Weaver v. Graham, 450 U.S. 24,29, 101 S.ct. 960, 67 L.Ed2d 17 (1981).

- The State never Produced Evidence that the Applicant was given Fair Notice. If the record is Devoid of Evidentiary Support for a Conviction an Evidentiary hearing challenged is Cognizable on a Writ of Habeas Corpus. Ex Parte Perales, 215 SW3d 418 (Cr. Crim. App.)

## Conclusion:

Wherefore, Premises Considered, Applicant Prays this Honorable Court "Grants" him the Great Writ upon Concluding that the charging instrument was indeed Void. <u>Ex Parte Reynolds</u>, (Cr. App. 1896) 35 Tex. Crim. 437, 34 SW 120; and his conviction Punitive and in Violation of <u>Ex Post Facto Clause</u>, U.S.C.A. Const. Art. 1 § 10 cl. 1, On an Evidentiary Ex Parte hearing of Art. 2103 C.C.P., Art 11.46 C.C.P., and Ch. 62 V.A.C.C.P. having Proved by the record that the applicant was not required by "Law" to register since he was never Fairly admonished nor given Fair Notice to register.

Signed and Entered on this ___8___ day of Dec 2015.

Respectfully Submitted,

*Jesse Ray Miles Jr*

Jesse Ray Miles Jr # 1995133
Dominguez Unit
6535 Casnon Rd
San Antonio Texas 78252